LOUISIANA ROAD MACHINERY CO. v. TALLENT ET AL.

(May 27, 1929. Opinion and Decree.)

R. O. Vorbusch, of New Orleans, and Shelby Taylor, of Baton Rouge, attorneys for plaintiff, appellant.

W. W. Wright, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. Plaintiff sues William Tallent, Sigur Martin, and B. A. Campbell, in solido, for the balance due on an open account in the sum of $780.08.

Plaintiff is engaged in the business of selling road machinery. The defendant Tallent had a contract for the construction of a bridge known as the Thompson creek bridge, in the parish of West Feliciana.

A party by the name of Hamilton, a road contractor, induced Tallent to purchase for him, from the plaintiff, certain road machinery; Tallent having at one time been a salesman for the plaintiff company. The machinery was delivered to Hamilton and only partially paid for.

Sigur Martin and B. A. Campbell are lawyers and compose the firm of Martin and Campbell. It is alleged that, in addi-

tion to their legal activities, they were in partnership with Tallent in the construction of the bridge, and it is as co-partners that they are sought to be held in this proceeding.

There is considerable testimony tending to prove that Martin and Campbell were unusually interested in Tallent to an extent not warranted by a purely professional relationship. For example, it is admitted that Martin and Campbell loaned Tallent various sums, from time to time, aggregating approximately $6,000, without security and without taking any acknowledgment thereof in the shape of a promissory note, or otherwise, and without exacting any interest. It is also in evidence that, during the progress of the work on the construction of the bridge, Martin acted as superintendent, in the absence of Tallent, caused by illness. It is explained that Martin and Campbell were both intimate friends of Tallent, and that whatever financial accommodation was extended him and whatever personal service was rendered beyond the requirements of professional representation was due to this friendly relation.

The evidence undoubtedly establishes the fact that Martin's and Campbell's relations with Tallent were very close and were very unusual as between attorney and client, but it falls short of proving a partnership. There is no testimony to show any intention to share profits or losses in the business of constructing the bridge, and there is nothing to show that Hamilton, for whom the road machinery was purchased, had any connection with Tallent in his bridge-building enterprise. It is true that Martin and Campbell paid plaintiff one-half of its bill, and there is some testimony to the effect that Martin verbally guaranteed the payment of Tal-

lent's account with plaintiff, which we think was improperly admitted.

We agree with the trial court that plaintiff has failed to prove his case as against Martin and Campbell with legal certainty.

As to Tallent, there was judgment against him below as prayed for, and he has not appealed.

For the reasons assigned, the judgment appealed from is affirmed.